SAMUEL RICH, APPELLANT, *v.* P. P. PALMER, RE-
SPONDENT.

TAX SALE—WHO MAY REDEEM LAND SOLD.—To entitle a party to redeem
land sold for taxes it is not necessary that he should own the whole of
the premises sold.

IDEM.—PART OWNER MUST REDEEM THE WHOLE.—A person owning a part of a
tract of land sold for taxes must redeem the whole tract.

PLEADING—REDEMPTIONER'S BILL TO SET ASIDE SHERIFF'S DEED—WHAT SUF-
FICIENT ALLEGATION OF OWNERSHIP.—Where a party owning an equitable
interest in land has properly applied to the sheriff to redeem land sold
for taxes and paid the delinquent taxes and legal charges and percentage,
and received from the sheriff a certificate of redemption, and the sheriff
has afterwards given the purchaser a deed under the sale for taxes; in a
bill to set aside such deed it is sufficient for the party moving to set it
aside to allege generally that he is the equitable owner of a large portion
of the premises sold and redeemed, without particularly describing his
interest or the particular part of which he is owner.

APPEAL from Douglas County.

The facts are stated in the opinion of the court.

*John Kelsay and L. F. Mosher,* for appellant.

*W. R. Willis,* for respondent.

By the Court, BOISE, J.:

The respondent on the eighteenth day of July, 1874, pur-
chased the land described in complaint at a sale of the same
for taxes.    Afterwards, the appellant, claiming an interest in
a portion of the land, attempted to redeem the same from
this sale.    He gave the notice and paid the delinquent taxes,
and took all the steps necessary to redeem and receive a cer-
tificate from the sheriff of Douglas county to the effect that
he had redeemed the land.    Afterwards, the said sheriff, on
the eighteenth day of July, 1876, executed in due form to
the purchaser, Palmer, a deed to the premises under the
tax sale aforesaid.    The plaintiff now brings this suit to re-
move a cloud from his title by having this deed canceled by
a decree of a court of equity.

The main question raised in the case is as to whether or
not the plaintiff had such an interest in the land as to en-
title him to redeem.    The allegation in his complaint, de-

scribing his interest in the land, is as follows: "Samuel Rich complains of P. P. Palmer in a suit in equity, and alleges that on and before the first day of June, 1873, the plaintiff was the equitable owner of a large portion of the donation land claim of William Sloan, in township No. 22, south of range 10, west of the Willamette meridian, in Douglas county, Oregon;" this being the land sold, as aforesaid, and redeemed.

It is claimed by the defendant in his demurrer to complaint: 1. That the complaint does not sufficiently set forth the interest of the plaintiff, or the extent or nature thereof, in and to the premises described in the complaint; 2. That it does not sufficiently describe the portion or part of said premises to which plaintiff claims an interest.

We think the first objection is not well taken, for he does not set out the nature of his interest; he says he is the "equitable owner," which is the highest equitable interest, and is only subject to the objection that it is the statement of a conclusion, and not of the facts on which the conclusion is based. Such a statement might be required if the court was called on to settle the title of parties, or in ordinary cases in equity. But in cases of this kind, a liberal construction is given to the law for the redemption of land sold for taxes (18 Iowa, 350; Blackwell on Tax Titles 423; 10 Peters, 23; also 23 Cal. 56, 594), and as this allegation that he was the equitable owner, is as broad in equity as owner in fee is at law, which is held sufficient in an action of ejectment, we think it sufficient to show that plaintiff was entitled to redeem.

The second objection that the complaint does not sufficiently describe the portion or part of said premises to which plaintiff claims an interest, we think is not well taken, for the reason that the whole premises having been sold, it was necessary to redeem the whole in order to redeem the part owned by the plaintiff, from the incumbrance created by the sale; and when the purchaser was paid back his purchase money and the percentage allowed him by law, his right to the whole premises became extinguished, and the plaintiff became restored to the interest which he had before

the sale, and his estate was not enlarged by the redemption, unless it might be to give him a claim for contribution against the owner of that part of the premises not owned by the plaintiff. We think, therefore, that the demurrer in this case should be overruled and the decree of the circuit court reversed.